# ABBOTTS'

# PRACTICE REPORTS.

---

## NEW-YORK.

---

## THE AMERICAN EXCHANGE BANK *a.* SMITH.

*New York Superior Court; General Term, December,* 1857.

JUDGMENT ENTERED BY CLERK ON FAILURE TO ANSWER.—RE-
QUISITES OF JUDGMENT-ROLL.

In an action to recover money only, where the complaint is not verified, and states
as a cause of action a promissory note made by the defendant, and judgment is
entered upon a failure of the defendant to answer, it is not essential to the
regularity of the judgment that the judgment-roll should show on its face that
the note was produced to the clerk, and that he assessed the amount due to the
plaintiff thereon.

The Code does not, in terms, or by fair construction, require it. It was not re-
quired by the practice prior to the Code. As the clerk, in such cases, must en-
ter the judgment for the amount he has assessed, the judgment-roll is evidence
that he did his duty in respect to assessing the amount due.

This action comes before the general term on an appeal by
the defendant from an order made by Mr. Justice Hoffman,
dated October 28, 1857, denying a motion made by the defend-
ant on the judgment-roll, to vacate, for irregularity, a judgment
entered on the 16th of said October for $3944.45 and costs.

The grounds of irregularity specified in the notice of motion,
are,—

1st. It does not appear by the record that the note, described

in the complaint as the cause of action, was produced to the clerk of the court, or that he assessed the damages thereon.

2d. It does not appear by the record that the defendant served any offer in writing that the plaintiff might enter judgment for any sum; nor that any offer, if served, was accepted within ten days thereafter, or at any other time.

3d. That there is no authority in the Code, or in any statute of this State, for the entry of such a judgment, and the same is void for want of jurisdiction.

The judgment-roll contains a summons dated December 14, 1845, stating that the plaintiff would take judgment for $3500.75, with interest from December 12, 1855. Also an unverified complaint, on a note dated June 9, 1855, made by the defendant, payable to the order of Dexter C. Force, six months from its date, for $3500. The complaint also states the indorsement of the note by the payee to Claflin, Mellen & Co., and by them to the plaintiffs, the due protesting of the note when due, and notice thereof to the payee, and that it is wholly unpaid; and prays judgment for $3500 and interest from the maturity of the note, and also for seventy-five cents for protesting it.

The roll also contains a paper writing containing the title of the action, and the words following, viz. :—

" I hereby consent to, and do hereby withdraw the answer put in by me in this case, and consent that judgment be taken by the plaintiff against me for the sum demanded in the complaint, with costs.                    CHARLES H. SMITH.

" *September* 1, 1856."

The judgment is in these words, viz. :—

"*Superior Court, City of New York.*

| The American Exchange Bank, plaintiff, against Charles H. Smith, defendant. |
| --- |

Judgment,                    · 185 ·

" The summons, with a copy of the complaint in this action, having been personally served on Charles H. Smith, the defendant, more than twenty days previous to this date, exclusive of the day of service, and the answer to the complaint having been

withdrawn : Now, on motion of Peet & Nichols, plaintiff's attorneys, it is hereby adjudged that the American Exchange Bank, the plaintiff, recover of Charles H. Smith, the defendant, the sum of three thousand nine hundred and thirty-two dollars and fifty cents, with eleven dollars and ninety-five cents costs and disbursements, amounting in the whole to three thousand nine hundred and forty-four dollars and forty-five cents.

GEORGE T. MAXWELL, <em>Clerk.</em>"

To this is annexed a paper with the heading, "Statement for judgment," and under that is written thus :—

| | |
|---|---:|
| " Amount claimed in summons, . . . . | $3500.00 |
| Interest, . . . . . . . . | 431.75 |
| Protest fees, . . . . . . . | 75 |
| | 3932.50" |
| This is followed by items of cost, which, in the aggregate, are . . . . . . . | 11.95 |
| | $3944.45 |

To this is added an affidavit of one of the plaintiff's attorneys that no notice of appearance, answer, or demurrer, or copy thereof, has been received in said action, and that the disbursements charged have been, or may be, necessarily made. That affidavit is sworn to before the clerk, and the roll was filed September 18,. 1857.

*C. Bainbridge Smith*, for the appellant.

*C. A. Nichols*, for the respondent..

BY THE COURT.*—BOSWORTH, J.—As to the ground first alleged to establish irregularity, it is to be observed that the judgment-roll does not show that the note was not produced to the clerk, nor that he did not assess the damages thereon. It therefore follows that the judgment is not irregular, merely because it does not affirm that these things were done, unless the Code requires that it should appear by the record itself that the

---

* Present, Duer, C. J., Bosworth, Slosson, Hoffman, and Woodruff, JJ.

note was produced to the clerk, and that he assessed the amount due thereon.

Section 281 of the Code specifies the papers that shall constitute the judgment-roll.

If there is no answer, it is to consist of "the summons and complaint, or copies thereof; proof of service, and that no answer had been received; the report, if any; and a copy of the judgment."

The answer having been withdrawn, the plaintiff was at liberty to perfect his judgment in the same manner as if no answer had been served.

Section 246, subdivision 1, in a case like the present, requires the clerk, on production of the note to him, to assess the amount due to the plaintiff thereon, and enter judgment for the amount so assessed. In cases other than those of actions on instruments for the payment of money only, and on which he may assess, he is to ascertain the amount due to the plaintiff from his examination under oath, or other proof, and enter judgment for the amount so ascertained.

He is not, in terms, required to make any report or certificate of the amount assessed, or ascertained to be due. It was perhaps deemed unnecessary that he should be required to make or file a certificate of the amount so assessed or ascertained, because he is required to enter a judgment for such amount, and that will show the sum which he ascertained to be due. The attorney, in such a case, cannot, as under the former practice, enter the judgment, but the clerk enters it, and the judgment thus entered by himself will show as fully and formally the amount which he assessed as due to the plaintiff on the note, as any other paper could, whether in the form of a certificate or report.

Under subdivision 2, of section 246, when no answer is interposed, the court may order a reference, in certain cases, to ascertain the damages which the plaintiff shall recover, and in others to ascertain a fact to enable the court to give judgment, or to carry the judgment into effect. In the latter cases a report, of necessity, must be made, and such report must form a part of the judgment-roll.

Prior to the Code, in all cases in which the damages were assessed by the clerk, as a matter of course, the Revised Statutes,

while they required the clerk to report to the court the sum which he ascertained to be due to the plaintiff (2 *Rev. Stats.*, 357, § 7), and declared that the court should give judgment for the sum reported, unless it modified or set aside the report (*Ib.*, § 8), also enacted that " the judgment so rendered shall be entered on the record, without stating any reference to the clerk, or any proceedings in consequence thereof; and the damages shall be stated as having been assessed by the court" (*Ib.*, § 8). The Code, in omitting to require the judgment-roll to show that the note was produced to the clerk, and that he assessed the amount due thereon, left the practice, in that respect, as the Revised Statutes had prescribed it.

We conclude, therefore, that when an unverified complaint states as a cause of action a promissory note made by the defendant, it is not necessary that the judgment-roll should state that the note was produced to the clerk, and that he assessed the amount due thereon.

No inference can be drawn from the silence of the judgment-roll, as to these facts, that he did not do his whole duty. On the contrary, the inference from it is, that he did all the Code directs.

In the present case, the papers filed as constituting the roll, tend to show, irrespective of the judgment itself, that he assessed the damages. There is a *statement* of the principal of the note, of the amount allowed for interest, and for protesting the note, and to the aggregate of these is added the costs as the clerk adjusted them. No point is made that either of these items is erroneous.

This being a case in which the clerk might assess the plaintiff's damages, the record does not omit to state any thing which is essential to a regular or valid judgment.

As the motion was not made to obtain relief from the judgment on the merits, but merely to vacate it on the ground of irregularity alone, the order appealed from must be affirmed, with $10 costs.